UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,

        Plaintiff,

      - against -

CAITLIN DEVLIN, individually, and as officer,
director, shareholder and/or principal of
CASCADA CAFÉ II, INC., and CASCADA
CAFÉ II, INC. d/b/a CASCADA CAFÉ,

        Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-3831 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Joe Hand Promotions, Inc. ("plaintiff") commenced this action against Cascada Café II, Inc., doing business as Cascada Café ("Cascada"), and Caitlin Devlin ("Devlin"), individually and as officer, director, shareholder and/or principal of Cascada (together, "defendants"), alleging violations of the Communications Act, 47 U.S.C. § 151 *et seq.* Specifically, plaintiff alleges that, on December 10, 2011, defendants intercepted plaintiff's encrypted satellite and/or closed-circuit cable broadcast of an Ultimate Fighting Championship ("UFC") match, and exhibited the match for their own financial benefit at the Cascada Café, which is a tavern in Queens. (*See* Complaint ("Compl.") at ¶¶ 14–20.)

    Plaintiff now moves for entry of default judgment, along with the imposition of damages, attorneys' fees, litigation costs, investigative fees, and permanent injunctive relief. (Doc. No. 15.) For the reasons that follow, plaintiff's motion for entry of default judgment is denied without prejudice to renew. Numerous discrepancies in plaintiff's filings undermine plaintiff's application, and necessitate this result.

1

The Complaint in this action lists the address of Cascada as "45-08 Parson Boulevard, Flushing NY 11356." Compl. ¶ 9. The affidavit in support of the alleged piracy violations, and all other documents in this case, list the address of Cascada as "675 Seneca Avenue, Ridgewood, New York." *See, e.g.*, Osgood Aff., Doc. No. 15-4. This discrepancy alone warrants denial of the instant motion as to defendant Cascada, and necessitates the filing and re-service of an amended complaint.

Moreover, Cascada was served through the New York Secretary of State. Yet, plaintiff appends nothing to the instant motion, or to any other filing in this case, to support its allegations regarding the corporate form or ownership of Cascada, its place of business, or its designated agent for service. When taken together with the fatal discrepancy in pleading noted above, this Court has concerns regarding the sufficiency of service as to Cascada.

Even more troubling are discrepancies with respect to service on defendant Caitlin Devlin. Plaintiff's process server, one Kelvi Frias, has sworn to three different affidavits of service with respect to Devlin. The first, dated November 15, 2012, indicates that service was made on November 8, 2012. (Doc. No. 6-1.) In considering plaintiff's request to enter Devlin's default, the Clerk of Court rejected this affidavit as sufficient proof of service as it did not contain information as to Devlin's military status as required.

Frias's then filed a second affidavit of service, docketed as a "Revised Proof of Service of Caitlin Devlin" by plaintiff's counsel (Doc. No. 10-1), which contains the requisite language regarding Devlin's military status. It indicates that Devlin was served on November **18**, 2012. However, this second affidavit is dated November 15, 2012, three days *before* service was ostensibly made.

2

After this discrepancy was raised by the Court in an electronic Order of January 22, 2013, counsel explained that this was a "typo" that Frias would correct.[1] (*See* Jekielek Ltr., Doc. No. 11.) Subsequently, Frias filed a third affidavit of service, docketed by plaintiff's counsel as an "Amended Proof of service of Caitlin Devlin." Although this third affidavit is dated March 13, 2013, Frias avers that he served Devlin on November 8, 2012, the same date as the first affidavit of service.[2]

Moreover, in each affidavit of service, Frias checked off the box to indicate that he left the summons at Devlin's "residence or usual place of abode," and with "Mike Doe, person refused to give last name" who Frias avers was "a person of suitable age and discretion who resides there." However, the affidavits do not list the place where service was made. Nothing filed by plaintiff indicates where Devlin lives, and the summons for Devlin (as well as that for Cascada, for that matter), lists as the only address 675 Seneca Ave, Rear Store, Ridgewood, New York 11385, the ostensible location of Cascada, Devlin's place of business. These multiple discrepancies related to service wholly undermine the veracity of the affidavits, and, standing alone, provide ample reason to vacate the default as to defendant Devlin for lack of proper service.

There is a strong preference for courts to resolve cases on the merits. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Proper notice to defendants of the claims against them both through accurate pleading of claims and sufficient service of process are critical to this goal. Simply put, in this case, both are sorely lacking, and the Court will not award default judgment on the basis of the instant motion.

---

[1] It should be noted that the first affidavit lists the date of service in handwriting, while the other two affidavits of service list the date of service in typewritten form.
[2] Three different notaries witnessed the affidavit. None indicate the date on which they did so.

## CONCLUSION

For the reasons stated herein, the Court vacates the entry of default as to both defendants, and denies plaintiff's request for default judgment without prejudice to renew within 14 days of the date of this Order. Failure to so do will result in dismissal of this action without prejudice.

SO ORDERED.

Dated: Brooklyn, New York  
       March 17, 2014

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge